UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BEASLEY,              )<br>                                              )<br>        Plaintiff,                        )<br>                                              )<br>    v.                                       )    Civil Action No.   24-03050 (UNA)<br>                                              )<br>DEPARTMENT OF CHILD SUPPORT  )<br>ENFORCEMENT,                   )<br>                                              )<br>                                              )<br>        Defendant.                     ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But "even a *pro se* plaintiff must comply with the Federal Rules of Civil Procedure," *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016), and must "plead factual matter that permits [the Court] to infer more than the mere possibility of misconduct," *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up)." Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff, a resident of Washington, D.C., sues the "Department of Child Support [E]nforcement" in Washington, D.C. Compl. at 2. He states only that "child support has been deemed unconstitutional by [illegible] Court of Monasota [sic]" and demands damages exceeding $1 million. *Id*. at 4. Plaintiff's conclusory assertion does not state a claim to relief. Even acknowledging that "when weighing whether a *pro se* plaintiff has stated a claim, courts must treat technical deficiencies in the complaint . . . leniently and scrutinize[] the entire pleading . . . to determine if any legally cognizable claim can be found," *Spence v. United States Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024) (internal quotation omitted), nothing in Plaintiff's pleading even resembles a legally cognizable claim. Because Plaintiff's Complaint fails to comply with Rule 8(a), this case will be dismissed by separate order.

Date: November 7, 2024

/s/
ANA C. REYES
United States District Judge